THE KING *vs.* THOS. WALL and THOS. ONOKEA.

APPEAL FROM THE POLICE COURT OF HONOLULU.

OCTOBER TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Chapter XXVII. of the Acts of 1878 (C. L., p. 616) does not apply to the cars of the street railway of Honolulu. Decision of the Police Court reversed.

OPINION OF THE COURT, BY McCULLY, J.

The record of the Police Court in this case is as follows:

Charge. Hiring or allowing a vehicle, to wit, Tramcar No. 2, to ply for hire without a license, contrary to Section 9, Chapter XXVII., Laws of 1878, at Honolulu, within one month last past.

Defendants plead not guilty.

C. L. Hopkins, sworn, says: I am Deputy Marshal. On August 26, 1889, in Honolulu, I rode in car of which defendants were respectively conductor and driver; car No. 2 on King street line of the Hawaiian Tramways Co. I paid five cents fare and got a ticket. (Ticket put in evidence.) No license has been issued to any of the cars of the Tramway Co. This car, No. 2, has been plying for hire in Honolulu. Defendants jointly had control of the car.

Prosecution rests.

Paul Neumann, sworn, says: When these cars were put in operation I tendered to Minister of Interior, on behalf of the Hawaiian Tramways Co., license fee for this car. The Interior Department declined to issue license unless the cars were given a certificate by the Marshal, under the Licensed Carriage Act, certifying that the cars had been inspected.

Defendants are found guilty; each of them is sentenced to pay $25 fine and $2.60 costs.

Appeal noted to Supreme Court in Banco.

The Certificate of the points of law upon which appeal is taken is as follows:

The defendants having been convicted in this Court of violating Section 9 of Chapter XXVII. of the Session Laws of 1878, appeal from the judgment of this Court to the Supreme Court in Banco.

On the ground that tender was made by the Hawaiian Tramways Company (Limited), employer of the defendants, to the Minister of the Interior of the amount of license for the car in question, and a license demanded, but refused by said Minister for the reason that no certificate from the Marshal or his Deputy was filed or produced in accordance with the provisions of Section 4 of Chapter XXVII. of the Session Laws of 1878.

The Hawaiian Tramways Company (Limited) refused to file said certificate on the ground that it is not affected by the provisions of said Chapters, and defendants claim that the money for the license of the car whereof they were in charge having been tendered and refused by the Minister of the Interior, the law has been substantially complied with, which requires the said company to pay a license fee of ten dollars per annum for each car, and that they, defendants, are therefore entitled to their discharge

That by the Acts of the Legislature known as Chapter XXXIV. of the Session Laws of 1884, the said company, as assigns of Wm. R. Austin, is not required to file with the Minister of the Interior any certificate under the provisions of the aforesaid statutes of 1878.

We further appeal on behalf of Thos. Onokea, on the ground that he ought to be acquitted because the evidence shows that only the conductor had charge of the tramcar and collected the fare, and that though our position may be wrong with reference to the other points made, the conductor alone is responsible under Section 10 of Chapter XXVII. of the Statutes of 1878.

## BY THE COURT.

This is a test case to determine whether the cars of the Hawaiian Tramways Company fall within the provisions of the Statute of 1878. That is entitled "An Act to regulate

the carrying of Passengers  *  *  * and the letting to hire of carriages  *  *  * and other vehicles in the district of Honolulu." It provides that upon presentation to the Minister of the Interior a certificate from the Marshal, who is made *ex-officio* inspector of carriages, that the vehicle for which a license is asked is sound and fit for the required service, with a statement of the number of adult passengers it has capacity for carrying and the number of horses required to draw it, the Minister may issue, at a charge of one dollar for each person of its capacity, a license, the number of which must be conspicuously exhibited on the carriage.

It appears that the license fee was refused by the Minister of the Interior, when tendered for this and other cars of the Hawaiian Tramways Company, because the certificate of the Inspector of its good condition and the number of persons who might be carried in it, as required by Section 4 of the Act, as the prerequisite to issuing a license, was not obtained.

The owner (or driver) of a vehicle plying for hire without a license is subject to a fine of twenty-five dollars (Section 9), the penalty imposed in the case at bar.

The Minister of the Interior (Section 7), may make rules and regulations to be observed by licensed carriers of passengers, which being published shall have the force of law.

The first passenger cars began to run in this city in the latter part of 1888, fully ten years after the enactment of the statute under consideration. Unless it clearly comes within the purview of the antecedent Act by a similarity of subject matter, functions and requirements of legal and police control, the natural construction would be that it did not so become. And if there is a dissimilarity in these respects, and if, moreover, there is a statute incorporating the Tramways Company of this case, containing special regulations, the conclusion would be that they are exempt from the operation of the former statute.

The published regulations, having the force of law, of the Minister of the Interior are before us. They designate stands for licensed carriages, prescribe rates of fare within the city and

for excursions to the Park, the Pali, and for drives by the hour, and for calling and shopping, etc. They are applicable to carriages for hire and entirely inapplicable to street cars. Yet, if the car in this case comes under the statute of 1878, it comes under these regulations.

The vehicle, a street car, which the defendants are charged as running for hire without a licence, runs under the provisions of a special statute, Chapter XXXIV. of the Laws of 1884, by which it is provided that the corporators of the street railroad shall pay the sum of ten dollars per annum as a license tax upon each passenger car, and no greater sum shall be exacted as car license. This exclusive statute removes street cars from the operation of the licenses applicable to carriages let for hire. It is also in conflict with it, for the rate of carriage tax is according to the carrying capacity, one dollar for each. The cars of the Tramway Company vary in size, some having seats for twenty-eight passengers; but the tax is uniform, ten dollars for each.

The statute, Section 2, grants the franchise upon such conditions and restrictions as are now imposed by the laws of the Hawaiian Kingdom in the relation of constructing and maintaining street railroads. This Act is a statute contract. The provision excludes the liability to statutes not relating to street railroads, and to regulations which are not Acts of the Legislature, and applicable to street railways.

The above expressed views strongly establish the proposition for the defendants, that they are charged under a statute which has no application to their case.

They are acquitted.

*C. W. Ashford* (Attorney-General) and *C. Creighton* (Deputy Marshal), for the prosecution.

*P. Neumann* and *F. M. Hatch*, for defendants.